**ReedSmith**
Driving progress
through partnership

**Wayne C. Stansfield**
Direct Phone: +1 215 851 8228
Email: jtuso@reedsmith.com

1717 Arch Street
Philadelphia, PA 19103
+1 212 851 8100
Fax +1 212 851 1420
www.reedsmith.com

June 26, 2023

*VIA ECF*

The Honorable Zahid N. Quraishi
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
Trenton, NJ  08608

**RE:    BMF Advance LLC v. Retro Capital, LLC, et al,**
         **D.N.J. No. 3:23-CV-00803-ZNQ-JBD (the "NJ Action")**

Dear Judge Quraishi:

We write on behalf of Defendants Retro Capital, LLC; A New Horizon LLC; Resurgence California LLC d/b/a Resurgence California; A New Start Treatment and Recovery Center LLC d/b/a Muse Treatment; Resurgence Behavioral Health LLC; David Dwek; Dovid Lax; Marc Chemtob; and Mayer Chemtob ("Moving Defendants") to respectfully request a pre-motion conference based on Moving Defendants' intention to file a motion to dismiss the Complaint filed by BMF Advance LLC ("BMF").

This matter is simple and straightforward.  The NJ Action, at its core, is an alleged breach of a Secured Purchase Agreement ("Agreement") by and between BMF and certain Defendants – who are the same parties already litigating some or all of these issues in two prior – and still pending – actions.  The first action was commenced in the Supreme Court of New York, New York County by EmpireMediHoldings, LLC ("EmpireMedi"), a senior creditor to several Moving Defendants, against BMF to enjoin the disposition of funds it received under the Agreement.  *See EmpireMediHoldings, LLC v. Bridge Funding Cap LLC et al.*, New York Supreme Court, New York County, Index No. 656511/2021 (the "New York County Lawsuit").  To say that BMF has not fared well in the New York County Lawsuit would be an understatement.  Indeed, it has had a temporary restraining order and preliminary injunction granted against it[1] and its counsel has been disqualified for misconduct.[2]

Instead of raising any purported counterclaims in the New York County Action, BMF commenced a separate action in the Supreme Court of New York, Kings County against several Moving Defendants for their alleged breach of the Agreement.  *See BMF Advance LLC v. Resurgence California LLC, et al.*, Supreme Court of the State of New York, County of Kings, Index No. 531515/2021 (the "Kings County Lawsuit") (together with the New York County Lawsuit, the "Prior Pending New York Actions").

Dissatisfied with how poorly the Prior Pending New York Actions are going, in a transparent attempt at forum shopping, BMF figured that the *third time is a charm* and commenced the NJ Action with the same and/or related parties, the same and/or related claims, and based on the same underlying

---

[1]  Order of the Hon. Louis L. Nock dated Nov. 17, 2021 (New York County Lawsuit, NYSCEF Doc. No. 24); Decision and Order of the Hon. Louis L. Nock dated July 5, 2022 (New York County Lawsuit, NYCSEF Doc. No. 88).

[2]  Decision and Order of the Hon. Louis L. Nock dated Feb. 27, 2023 (New York County Lawsuit, NYSCEF Doc. No. 268).

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

The Honorable Zahid N. Quraishi
June 26, 2023
Page 2



operative facts as the Prior Pending New York Actions.[3]  For the reasons set forth below, BMF's blatant forum shopping should not be countenanced, and this Complaint should be dismissed in its entirety against Moving Defendants.

### I. The Court Lacks Subject Matter Jurisdiction

#### A. BMF's Claims are Barred by the *Colorado River* Doctrine

The NJ Action is barred by the *Colorado River* Doctrine.  The *Colorado River* abstention doctrine prohibits two "parallel" actions.  *See Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998).[4]  The court must assess six factors to determine whether abstention is appropriate.  *See, e.g., Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100-01 (2d Cir. 2012).  Here, all six factors favor dismissal.  First, the New York State Supreme Courts have assumed jurisdiction.  Second, this forum is less convenient because of the substantial litigation that has already taken place in the Prior Pending New York Actions.  Third, dismissing this NJ Action will indisputably avoid piecemeal litigation that could, additionally, result in a different or inconsistent rulings than the Prior Pending New York Actions.  Fourth, the Prior Pending New York Actions were filed <u>before</u> this action and have advanced considerably further than this action, in which no response to the Complaint has even been filed yet.  Fifth, there is no federal question here as this action only pertains to state law issues arising from a contract dispute.  Sixth, state procedures are more than adequate to protect BMF's claimed rights – which all arise under state law.  *See Niagara Mohawk Power Corp.,* 673 F.3d at 100-01.

#### B. BMF's Claims are Barred by the *Younger* Abstention Doctrine

The NJ Action is also barred by the *Younger* abstention doctrine. A federal court should abstain from interfering with pending state court litigation where: (1) a state proceeding is pending; (2) important state interests are implicated; and (3) the plaintiff has an open avenue for review in state court.  *See, e.g., Gentner v. Shulman*, 55 F.3d 87, 88-90 (2d Cir. 1995). Here, the Prior Pending New York Actions are pending, concern state law issues arising from a contract dispute and alleged state law tort claims, and BMF has an open avenue in the New York State Supreme Courts because BMF has already lodged its claims against Moving Defendants in the Prior Pending New York Actions.  Accordingly, the Complaint should be dismissed under the *Younger* abstention doctrine as well.

#### C. BMF's Claims are Barred by the Prior Pending Action Doctrine

Additionally, BMF's claims are indisputably barred by the prior pending action doctrine.  Where there are competing lawsuits – as here with the Prior Pending New York Actions – the prior pending suits have priority absent the showing of a "balance of convenience" or "special circumstances."  *Gyadu v. Hartford Ins. Co.*, 97-7720, 1998 U.S. App. LEXIS 1230 (2d Cir. 1998).  Here, BMF will not (because it cannot) make this showing.  The "balance of convenience" factor favors the Prior Pending New York

---

[3]  There can be no good faith argument by BMF that it is not seeking to raise claims and issues in case that it has already put squarely before the court in the New York County Lawsuit.  Even a cursory review of but one filing in that case (BMF's failed Motion to Vacate the Court's Decision & Order dated July 5, 2022) evidences the identical allegations raised herein.  For example, BMF expressly alleges that: "David Dwek, Dovid Lax, Mark Chemtob, and Mayer Chemtob concocted a fraudulent scheme to prevent BMF Advance and other MCA Companies from enforcing various obligations by the Merchants."  *See* New York County Lawsuit, NYSCEF Doc. No. 91. This is just one of the numerous instances of substantively identical allegations raised in the New York County Lawsuit that are repeated in this NJ Action.

[4]  While the *Colorado River* abstention doctrine is well established, Moving Defendants' citations to Second Circuit and Connecticut law are required – Section 4.5 of the Agreement expressly states that Connecticut law is the choice-of-law applicable to all lawsuits arising out of the Agreement.

The Honorable Zahid N. Quraishi 
June 26, 2023
Page 3

Actions because of the substantial litigation that has already taken place based on the same operative facts of this action.  There are also no special circumstances to warrant priority of this action over the Prior Pending New York Actions; indeed, the only "special circumstance" here is that BMF is attempting to forum shop because it is unhappy with the outcomes in the Prior Pending New York Actions.  Allowing this action to proceed would "undermine an orderly and efficient judicial process" and "potentially lead to inconsistent verdicts," thus mandating its dismissal.  *See, e.g., Larobina v. McDonald*, 876 A.2d 522, 531-532 (Conn. 2005).

### D.  BMF's Claims Should be Dismissed Under the *Forum Non Conveniens* Doctrine

Dismissal is also warranted under the *forum non conveniens* doctrine.  *See Fasano v. Yu Yu*, 921 F.3d 333 (2d Cir. 2019).  The Agreement has a forum selection clause which satisfies the three-element *Roby* analysis: (1) the clause was reasonably communicated to BMF as the drafter of the Agreement; (2) the clause mandates that any proceeding be commenced in a different State; and (3) all the claims and parties involved in this action are indisputably subject to the clause.  *See Roby v. Corp. of Lloyd's*, 996 F.2d 1353 (2d Cir. 1993).  BMF appears to have waived this clause by filing the Kings County Action and this NJ Action and is another example of BMF's flagrant forum shopping.  Even if BMF had filed this action in Connecticut, it would still be subject to dismissal for the reasons set forth *infra*.

### II.  The Complaint Fails to State a Claim[5]

To survive a motion to dismiss based on the sufficiency of the pleading, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  BMF's tortious interference claim cannot survive dismissal because it is entirely speculative.  *See Bemer Petroleum Corp. v. Pinnacle Propane Express, LLC*, 2016 Conn. Super. LEXIS 400 (Super. Ct. Feb. 19, 2016).  Though it parrots chapter-and-verse the elements of a tortious interference claim, BMF fails to plead sufficient facts supporting those elements and, instead, just makes legal conclusions.  *See Rioux v. Barry*, 283 Conn 338 (2007).  The civil conspiracy claim also fails as there is no independent claim of civil conspiracy and such a claim "must be joined with an allegation of a substantive tort."  *Larobina v. McDonald*, 876 A.2d 522, 531 (Conn. 2005).  Here, the Complaint is bereft of any particularity demonstrating the alleged fraudulent misrepresentations, falling woefully short of the heightened pleading standard for a fraud-based claim.  *See Maruca v. Phillips*, 90 A.2d 159 (Conn. 1952).

For the foregoing reasons, Moving Defendants respectfully request a pre-motion conference and to permit Moving Defendants to file a motion to dismiss to dispose of this ill-conceived action.  We thank the Court in advance for its attention to this matter.

Very truly yours,


Wayne C. Stansfield

cc:  All Counsel of Record

---

[5]  The Complaint's Second Count of fraud is only brought against defendant Stephen Fennelly and, therefore, will not be addressed in this pre-motion letter.